## SPOOR MACKEY
### V.
## EDWARD McCAFFREY.

*Practice—Summary Remedies—Judgment Liens—Priority—Defective Petition.*

1.  Where the remedy is summary, courts require a clear case to be made out.

2.  Upon a petition claiming priority of lien, under a Justice's judgment, on the proceeds of a sale by the Sheriff under execution, this court affirms the order of the court below denying relief, no valid execution in favor of the petitioner being described or set out in the petition.

[Opinion filed August 3, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

November 11, 1886, Mackey, the appellee, recovered a judgment in the Superior Court against McCaffrey for the sum of $1,044.55 damages besides costs, upon which a *fi. fa.* was duly issued and delivered to the Sheriff to be executed and levied upon a stock of goods of the defendant, on the same day as aforesaid, which goods the Sheriff, November 23, 1886, sold pursuant to law, from which there was realized the sum of $607.64 exclusive of costs. Afterward, January 21, 1887, a petition was filed in said court by Cary, Ogden & Parker, verified by one of their attorneys, purporting to set up the

recovery of a judgment by them against said McCaffrey in a Justice's court, October 1, 1886, for $103, the issuing of an execution thereon of that date, and the delivery of the same to a Constable who indorsed thereon the time of receiving the same. There is no statement in the petition that any levy was made under said execution, but it is alleged that after the Sheriff had levied, and on November 13, 1886, said Cary, Ogden & Parker caused him to be notified of their said execution, leaving a copy thereof with him, demanded of him so much of the goods so levied upon under the execution in favor of Mackey or the proceeds thereof as would be sufficient to satisfy their said execution in the hands of the Constable. The prayer of the petition was that the court order the Sheriff to pay over so much of the proceeds of said sale in his hands as would be sufficient to satisfy the last mentioned execution.

The matter was heard upon the petition alone, which was denied, and petitioners bring this appeal.

Messrs. CRATTY BROTHERS & ALDRICH, for appellants.

Messrs. JOHN D. GILL and HOWARD HARE, for appellee.

MCALLISTER, P. J. The record shows that the application in question was submitted to and decided by the court, solely upon the sufficiency of appellants' petition. To that no exhibits were attached, and in it no reference is made to any transcript or exemplified copy of any Justice's docket, or of an execution upon the face of the petition. There are not set out the jurisdictional facts requisite to a valid judgment in a Justice's court. There is nothing to show that the cause of action was one of which a Justice of the Peace has jurisdiction. It is not stated when the summons was made returnable. Then, as to the execution the petition says, "that an execution was issued thereon on the said 1st day of October, 1886, upon the oath of petitioner's agent, and immediately thereafter, on the same day, delivered to George W. Deal, a Constable in and for said county, who then and there indorsed thereon the date of the receipt thereof." That is the only way in which the exe-

cution was set out, and that clearly does not show a valid one. It is not even stated who issued it, to say nothing of the body of it. No valid execution is described or set out in the petition or appears in the record. And the petition does not state that what the pleader called an execution was delivered to the Constable to be executed. Suppose instead of this summary proceeding appellants had brought an action at law upon the alleged claim of their execution, being a prior lien, would they not have been compelled to allege and to prove by competent evidence, a valid judgment and execution? If so, can they now by resorting to this summary and doubtful remedy, be permitted to succeed without any such showing? We had always supposed that where a remedy is summary, courts always require that a clear case be made out.

We are of opinion that the question of the priority of appellants' lien does not arise upon this record, because it does not appear in any competent way that they had any lien at all. The order appealed from should, therefore, be affirmed.

*Affirmed.*